No. 895　　　　　October 8, 2025　　　　　197

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. E. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. M. M.,
aka R. R.,
*Appellant.*

Lane County Circuit Court
19JU08915; A187116

Valeri L. Love, Judge.

Submitted August 28, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, Jacquot, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Mother appeals from a judgment over her child, S, continuing S's placement in substitute care. Mother challenges the juvenile court's denial of her motion to dismiss the jurisdictional basis that mother's mental health condition interferes with her ability to safely parent S. We affirm.

"[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). "On a motion to dismiss dependency jurisdiction, a juvenile court must determine (a) whether the jurisdictional bases pose a current threat of serious loss or injury to the ward, and, if so, (b) whether that threat is reasonably likely to be realized." *Dept. of Human Services v. T. L.*, 279 Or App 673, 676-77, 379 P3d 741 (2016).

Here, the juvenile court determined that the jurisdictional basis relating to mother's mental health "continues to pose a current threat of serious loss or injury and, given the child's trauma, harm from that trauma and behavior evidenced in this record, there is a likelihood that the risk will be realized." Those two conclusions were based on evidence from mother's psychological evaluations that mother continues to suffer from mental illness, testimony about the continuing impact that mother's mental illness has on her daily functioning, and testimony about how the symptoms of mother's mental illness would put S at risk, especially given S's needs.

A caseworker testified that during her time as mother's caseworker from December 2020 until January of 2024, mother was unable to control her emotions, would yell and scream, and would not remember her actions when her behaviors would escalate. Another caseworker testified that mother's mental health struggles interfere with her day-to-day life, that mother reported that she struggles with her mental health on a daily basis and needs a lot of support from people, and that mother has "made many comments

to me about just barely hanging on, feeling like [mother is] just barely getting through the day." The same caseworker also testified that S's high needs and behaviors would "be too much for [mother]" and would exacerbate mother's mental health struggles. S was diagnosed with post-traumatic stress disorder (PTSD) and an "Adjustment Disorder with Disturbance of Conduct," and S reported that S was fearful of mother.

There was also evidence in the record that mother had improved her ability to manage the symptoms of her mental illness. However, we view the evidence in the light most favorable to the juvenile court's ruling denying the motion to dismiss. Under that standard, we conclude that the juvenile court did not err in concluding that the jurisdictional basis that mother's mental health condition interferes with her ability to safely parent S poses a current threat of serious loss or injury to S and that threat is reasonably likely to be realized.

Affirmed.